On May 14,1973 the court issued the following order:
“This case comes before the court on the parties’ cross-motions for summary judgment. Upon consideration of the motions, the briefs of the parties, and after hearing oral argument, the court finds: on or about August 10, 1967, the Commissioner of Internal Revenue collected by jeopardy assessment against plaintiff as donee-transferee, federal gift taxes which, with interest, totaled $235,075.02; after a notice of the deficiency was mailed to plaintiff, plaintiff filed a timely claim for refund which was disallowed, and plaintiff’s suit was filed in this court within the time provided by law; *893 during the trial of this case, the defendant conceded that no gift was made to plaintiff and that sire is not liable for the federal gift tax assessed against her; the Commissioner of Internal [Revenue has, following defendant’s determination that there was no gift, made a jeopardy assessment against plaintiff as the statutory executrix of the estate of Pablo Cruz Perez for an estate tax allegedly due by his estate; the Commissioner of Internal Revenue has also abated the full amount of the gift tax and has credited the amount in the gift tax account to the jeopardy estate tax assessment; as a result of the accumulation of statutory interest on the gift tax collection, defendant now holds the sum of $33,905.26 in excess of the amount of the estate tax allegedly due.
“On the basis of the foregoing, the court concludes that plaintiff’s motion for summary judgment should be granted and judgment entered in her favor.
“it is therefore ordered that judgment be and the same is hereby entered for plaintiff in the sum of $33,905.26, without prejudice to the rights or claims of either party with respect to the alleged estate tax liability of plaintiff as statutory executrix of the estate of Pablo Cruz Perez.
“it is further ordered that this judgment is rendered without prejudice to the rights of the Secretary of the Trea-ury to order that payment thereof be withheld upon a determination by him that the payment of the judgment would constitute a transfer in violation of the Treasury Regulations on Cuban Assets Control (31 C.F.R. § 515.201 et seq.).”
BY THE COURT
(Sgd) WILSON CoWEN Chief Judge